UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. PEACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-03013-TWP-MJD |
| ) | |
| HEMBECK, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO AMEND,
SCREENING AMENDED COMPLAINT,
DIRECTING ISSUANCE AND SERVICE OF PROCESS,
AND DIRECTING DEFENDANTS AND PLAINTIFF TO CONFER WITH THE
MAGISTRATE JUDGE REGARDING THE
MOTION FOR PRELIMINARY INJUNCTION**

Robert Peacher ("Mr. Peacher") filed this action alleging that two prison medical staff members have been deliberately indifferent to his symptoms of water retention in his legs and too-intense heartbeats. He has now moved for leave to file an amended complaint alleging that several defendants violated the Health Insurance Portability and Accountability Act ("HIPAA") by disclosing his medical condition to non-medical prison staff members. The motion for leave to amend, dkt. [7], is **GRANTED**. The **clerk is directed** to re-docket the proposed amended complaint, dkt. [7-1], as the Amended Complaint in this action.

### I. Screening Standard

Because Mr. Peacher is a prisoner, the Court must dismiss his amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. At screening, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     The Amended Complaint

The amended complaint names four defendants: (1) Dr. Hembeck, (2) Nurse L. Hamblen, (3) D. Stasiak ("Ms. Stasiak"), and (4) Centurion Health.

In the amended complaint, Mr. Peacher reports that he has been experiencing unusually intense heartbeats, even when resting. Medical staff have performed EKG tests, but those tests were done when Mr. Peacher was asymptomatic. Mr. Peacher is presently retaining water in his lower legs, and a nurse suggested that this could be related to his heart trouble. A prison doctor referred Mr. Peacher to a cardiologist, but an evaluation by a cardiologist has not taken place.

Mr. Peacher has submitted several healthcare request forms since late summer. In early November 2021, Mr. Peacher saw Dr. Hembeck for the first time, but Dr. Hembeck focused on Mr. Peacher's other (unspecified) medical issues and did not address his heart. Mr. Peacher continued to submit healthcare request forms, but Nurse Hamblen did not "do her job and require [Dr.] Hembeck to address the matter." Dkt. 7-1 at 3.

D. Stasiak disclosed Mr. Peacher's heart condition to "<u>many</u> non need to know non medical staff." *Id.* at 4. This disclosure was condoned by Nurse Hamblen and Centurion Health.

Mr. Peacher alleges that Dr. Hembeck and Nurse Hamblen have been deliberately indifferent to his serious medical need in violation of the Eighth Amendment. He alleges that D. Stasiak, Nurse Hamblen, and Centurion Health have violated his right to be free from cruel and

unusual punishment by putting him of attack from "dirty" prison officials. *Id.* at 5. He seeks compensatory damages, punitive damages, fees, and injunctive relief.

### III.     Discussion

Mr. Peacher's Eighth Amendment medical indifference claims **SHALL PROCEED** against Dr. Hembeck and Nurse Hamblen.

Mr. Peacher does not purport to state a claim based on HIPAA, and any such claim would fail because HIPAA confers no private right of action for disclosing protected medical information. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019).

Mr. Peacher's claims against D. Stasiak, Nurse Hamblen, and Centurion Health based on alleged disclosures of medical information are **DISMISSED** for failure to state a claim upon which relief may be granted. Such claims are based on the Eighth Amendment, which requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). To state a viable Eighth Amendment claim Mr. Peacher must allege that (1) he was "exposed to a harm that was objectively serious" and (2) the defendants "[knew] of and disregarded an excessive risk to [his] health or safety." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Mr. Peacher does not allege that he has been exposed to a serious harm from attacks by prison officials. Nor does he allege that Ms. Stasiak, Nurse Hamblen, or Centurion Health was aware of and deliberately indifferent to the risk of such a harm. He has therefore failed to state a claim upon which relief may be granted based on alleged disclosure of medical information.

### IV.     Directing Further Proceedings

The **clerk is directed** to **issue process** to defendants (1) Dr. Hembeck and (2) Nurse L. Hamblen. Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the amended complaint,

dkt. [7-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), the motion for emergency preliminary injunction, dkt. [6], and this Order.

Because this matter is before the Court on Plaintiff's emergency Motion for Preliminary Injunction (Dkt. 6), **upon Defendants' counsel entering appearances,** the Magistrate Judge is requested to confer with the parties to discuss a discovery plan, briefing schedule, and to determine whether a hearing is necessary on the request for preliminary injunctive relief, as well as the estimated time required for such hearing if one is required.

**IT IS SO ORDERED.**

Date:   12/16/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

R. PEACHER
881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Hembeck
Medical Staff
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Nurse L. Hamblen
Medical Staff
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064